IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARTY DEE HEAVY RUNNER,<br><br>Defendant. | Cause No. CR-09-11-DLC-RKS-08<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant Marty Heavy Runner was accused of violating his conditions of supervised release by failing to report to his probation officer as directed. He admitted to the violation. His supervised release should be revoked, and he should be sentenced to six months imprisonment, with no supervised release to follow.

## II. Status

Mr. Heavy Runner plead guilty to Theft from an Indian Tribal Organization in May 2009. CD 181. He was sentenced in November 2009 to 12 months

1

imprisonment, to be followed by 36 months supervised release.  CD 262.  Mr. Heavy Runner's supervised release was revoked in July 2012 for use of alcohol and failure to complete substance abuse treatment.  CD 347.  He was re-sentenced to four months imprisonment, to be followed by 26 months supervised release, including six months at a pre-release center.  CD 348.  Mr. Heavy Runner's current term of supervised release began on October 19, 2012.  CD 353.

**Petition**

The United States Probation Office filed a petition on May 1, 2013, asking the court to revoke Mr. Heavy Runner's supervised release.  CD 353.  The petition alleged that Mr. Heavy Runner violated Standard Condition #2 of his supervised release by failing to report to his probation officer, despite repeated instructions to do so, after Mr. Heavy Runner completed his term at a pre-release center.  The case was reassigned to the Hon. Dana L. Christensen, United States District Judge, and referred to the undersigned.  Based on the petition, the undersigned issued a warrant for Mr. Heavy Runner's arrest.  CD 354.

**Initial appearance**

Mr. Heavy Runner was arrested on May 2, 2013.  CD 359.  He made an initial appearance before the undersigned on May 6, 2013.  He was accompanied by Federal Defender R. Henry Branom, who was appointed to represent Mr. Heavy

Runner. Assistant United States Attorney Jessica Betley represented the United States.

The undersigned explained the Findings and Recommendations procedure to Mr. Heavy Runner, informing him that the undersigned will submit recommendations to Judge Christensen, Judge Christensen will decide whether to revoke his supervised release and impose a new sentence, and if Mr. Heavy Runner wishes to allocute before Judge Christensen he may do so by objecting to the undersigned's Findings and Recommendations within 14 days of their issuance.

Ms. Betley stated that Mr. Heavy Runner faces a maximum prison sentence of 24 months if his supervised release is revoked. Mr. Branom agreed. Mr. Heavy Runner waived his right to a preliminary hearing. Mr. Branom indicated he and Mr. Heavy Runner wanted to proceed immediately to the revocation hearing. Ms. Betley did not object, so the revocation hearing commenced.

**Revocation hearing**

Mr. Heavy Runner was present at the revocation hearing with Mr. Branom. Ms. Betley represented the United States.

Mr. Heavy Runner admitted to violating a condition of his supervised release. The undersigned found that the admission established a violation, and informed the parties that revocation of Mr. Heavy Runner's supervised release

3

would be recommended.

The undersigned calculated that Mr. Heavy Runner's violation grade is C, his criminal history category is I, and his underlying offense is a class C felony. Under those circumstances, the statutory maximum prison sentence is 24 months. The United States Sentencing Guidelines call for three to nine months imprisonment. Mr. Heavy Runner could be sentenced to a supervised release term as long as 27 months, less any custodial time imposed. Ms. Betley and Mr. Branom agreed with those calculations.

Mr. Branom requested a sentence of four months incarceration, with no supervised release to follow. Mr. Branom argued that the sentence should be toward the low end of the guideline range because neither Mr. Heavy Runner's underlying offense nor his violation were violent. The violation did not consist of conduct that would, by itself, be criminal. Mr. Branom asked that no more supervised release be imposed because it has not been effective in Mr. Heavy Runner's case.

Mr. Heavy Runner addressed the court. He said that he had not contacted his probation officer in part because he had been distracted by deaths and illnesses among his family members. He said that he takes responsibility for his failure to report and is sorry for it.

Ms. Betley requested a sentence of nine months incarceration with no supervised release to follow. Ms. Betley argued that the prison sentence should be at the high end of the guideline range because Mr. Heavy Runner did not take even the most minimal steps to comply with his conditions of supervised release.

### III.  Analysis

Mr. Heavy Runner's supervised release should be revoked. He should be sentence to six months imprisonment with no supervised release to follow.

Revocation is appropriate because Mr. Heavy Runner made absolutely no effort to comply with his supervised release conditions after completing his term at the pre-release center. Even after the efforts of the pre-release center and Mr. Heavy Runner's probation officer to help Mr. Heavy Runner succeed in the community, Mr. Heavy Runner ignored his court-ordered conditions.

Mr. Heavy Runner should be sentenced to six months imprisonment. A prison sentence is warranted because Mr. Heavy Runner already had his supervised release revoked once. Conditions of supervised release are imposed to protect the community, and Mr. Heavy Runner's repeated, willful non-compliance merits a serious sanction. However, his violation did not directly harm or endanger the community, and is unrelated to Mr. Heavy Runner's underlying conviction. Therefore a six-month sentence is sufficient.

No additional supervised release should be imposed. Mr. Heavy Runner's repeated failure to comply with the conditions demonstrate that supervision is not effective in his case, and is a poor use of resources.

## IV. Conclusion

Mr. Heavy Runner was advised that the above sentence would be recommended to Judge Christensen. He was reminded that he may object to the recommendation withing 14 days of its issuance. He was reminded that he has a right to appear and allocute before Judge Christensen, but that he must properly object to this recommendation to preserve that right.

The Court makes the following **FINDINGS:**

1. Mr. Heavy Runner violated Standard Condition # 2 of his supervised release by failing to report to his probation officer in the manner and frequency directed.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Mr. Heavy Runner's supervised release and committing Mr. Heavy Runner to the United States Bureau of Prisons for a term of imprisonment of six months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of May, 2013.

Keith Strong
United States Magistrate Judge